UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ROBERT LEE ERSKINE, | Case No. 6:23-cv-00131-JE |
| Petitioner, | ORDER |
| v. | |
| NUMEROUS UNKNOWN STATE OF OREGON EMPLOYEES, | |
| Respondent. | |

IMMERGUT, District Judge.

    Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on January 26, 2023, challenging his convictions for "staff assaults" committed while incarcerated at the Oregon State Penitentiary. On February 28, 2023, Magistrate Judge Jelderks advised Petitioner that if he wished to continue with this case, he must 1) submit a filing fee or an application to proceed *in forma pauperis*, and 2) file an amended petition which names a proper respondent on the form to be provided by the court pursuant to Local Rule 81-1. Judge Jelderks further advised Petitioner that if he failed to respond within 30 days of the date of the Order (#4), he would recommend that the Court dismiss the Petition for Writ of Habeas Corpus without prejudice. The Clerk of Court sent Petitioner a

1   - ORDER TO DISMISS

form application to proceed *in forma pauperis*, and instructions and form petition for a writ of habeas corpus under 28 U.S.C. §2254 with that Order.

Petitioner filed a Motion for an Extension of Time and for Leave to File an Amended Petition on March 29, 2023, which the Court granted (#8). Petitioner timely submitted his Application for Leave to Proceed *in Forma Pauperis*, and the Application is granted. However, he has failed to otherwise comply with this Court's order to file an amended complaint which names a proper respondent on the form provided by the court. Where Petitioner has not fully responded to that Order, the Court dismisses the Petition without prejudice.[1]

## **CONCLUSION**

The Petition for Writ of Habeas Corpus (#1) is dismissed without prejudice. Petitioner's pending Application for Leave to Proceed *in Forma Pauperis* (#9) is granted and there shall be no costs of fees associated with this action. Petitioner's Motions for Appointment of Counsel (#3, #10), and Motion to Waive Time for 30 Days (#7) are denied as moot.

IT IS SO ORDERED.

06/14/2023
DATE

Karin J. Immergut
United States District Judge

---

[1] Additionally, it appears that the convictions at issue in the current action are at issue in another habeas corpus case currently before the court: *Erskine v. Kelly*, 6:20-cv-00254-JE. In that case, Petitioner is represented by counsel. Petitioner has no right to have two habeas petitions pending challenging the same conviction. *See* 28 U.S.C. § 2244. As such, even if Petitioner had filed his amended petition, the current action would likely be dismissed as duplicative of 6:20-cv-00254-JE and, therefore, unnecessary.